IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UBS BANK USA,<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br><br>HAL S. MULLINS,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT MULLIN'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY PROCEEDINGS PENDING ARBITRATION<br><br><br><br>Case No. 2:08-CV-00814 TS |

I. FACTUAL BACKGROUND

Defendant Hal Mullins ("Mullins") moves the Court to dismiss without prejudice UBS Bank's claims against him or, in the alternative, stay the proceedings pending completion of arbitration that is pending before the Financial Industry Regulatory Authority ("FINRA").

Mullins is a resident of Florida. Plaintiff UBS Bank USA is a federally regulated, Utah industrial bank with its principal place of business in Utah. UBS Financial Services, which is not a party to this suit, is a Delaware corporation engaged in the business of providing securities brokerage

1

services. Although the two corporations share a common parent, the two are separate and independent corporate entities.

Mullins alleges as follows: In 2006, he had approximately $5 million invested with UBS Financial Services, Inc. The income from this account allowed Mullins to pay the monthly interest on a $2 million line of credit he had with another bank. Acting upon advice of his UBS broker, Mullins closed the $2 million line of credit and obtained a replacement line of credit for $3 million at a favorable interest rate from UBS Bank USA. This line of credit was collateralized by investments selected by UBS Financial Services and Mullins from his UBS Financial Services portfolio ("UBS portfolio"). Similar to his previous line of credit, Mullins was to use income from his UBS portfolio to pay the interest on the line of credit.

In addition to these changes to his line of credit provider, UBS Financial Services recommended extensive changes to his investment portfolio. Based on these recommendations, Mullins sold a substantial portion of his portfolio and invested $2.8 million in Bank of America, Lehman Brothers, Merrill Lynch, and Royal Bank of Scotland. Following the market crash in 2008, the portfolio decreased in value substantially and was no longer adequate to satisfy the margin requirements of UBS Bank. Once the UBS portfolio value dipped below the margin requirement, UBS Bank sold the stocks in Mullins' UBS portfolio and filed this suit against Mullins for the unpaid balance, approximately $300,000.

After filing this suit, Mullins filed a claim with FINRA against UBS Financial Services seeking damages in excess of $1.5 million for "unsuitable investment recommendations,

misrepresentations and omissions, breach of fiduciary duty, breach of contract, failure to supervise, fraud, constructive fraud, negligence and gross negligence, and violation of securities law."[1]

In the present motion, Mullins asserts that this litigation should be dismissed or stayed pending the outcome of the FINRA arbitration. According to Mullins, many of the same issues, evidence, and witnesses involved in the FINRA arbitration will also be involved in this litigation. Mullins argues that dismissal or a stay is appropriate in the interest of avoiding costly and duplicative litigation. Further, Mullins asserts that if he were to prevail against UBS Financial Services, UBS Bank's litigation against him will be unnecessary, as recovery of the demanded damages will surpass the amount owing to UBS Bank.[2]

## II. DISCUSSION

### A. MOTION TO DISMISS

Mullins moves the Court to dismiss UBS Bank's claims without prejudice. Mullins fails to cite any legal grounds to justify his assertion that UBS Bank's claims should be dismissed. While he uses the word "dismissed" repeatedly throughout his memoranda, he never specifically identifies which federal rule, statute, or precedent requires the Court to dismiss UBS Bank's claims. As "all motions must state grounds for the request and cite applicable rules, statutes, or other authority justifying the relief sought," the Court denies the motion to dismiss.[3]

---

[1] Docket No. 12, Ex. A at 2.

[2] After reviewing the parties' respective memoranda, the Court finds that argument is not necessary and therefore vacates the hearing and provides the following decision on the Motion.

[3] DUCivR 7-1(b)(1) (2008).

B. MOTION TO STAY

In the alternative, Mullins moves the Court to stay the proceedings pending the outcome of the FINRA arbitration against UBS Financial Services. In reviewing the Credit Line Agreement entered into between Mullins and UBS Bank, the Court finds that Mullins' Motion to Stay these proceedings is specifically addressed by the contract. The Credit Line Agreement provides:

> Any arbitration proceeding between Borrower (or any other Loan Party) and the Securities Intermediary, regardless of whether or not based on circumstances related to any court proceedings between the Bank and the Borrower (or other Loan Party), **will not provide a basis for any stay of the court proceedings.**[4]

The Credit Line Agreement expressly defines UBS Financial Services as a Securities Intermediary.[5] Mullins agreed to this provision, and UBS Bank has long since distributed the funds associated with this loan. In his supporting memoranda, Mullins never challenges the validity or enforceability of this contractual provision and the Court finds no ambiguity in the contractual language.[6] Therefore, on the facts of this case, the Court will enforce the contract as written.

Even disregarding this contractual prohibition, Mullins' Motion fails to meet the requirements of a discretionary stay. The district court has inherent power to grant a stay pending the result of other proceedings.[7] This power can appropriately be exercised "where the pending

---

[4] Docket No. 13, Ex. C at 12 (emphasis added).

[5] *Id.* at 10.

[6] *See Hartford Accident & Indem. Co. v. U.S. Fid. & Guar. Co.*, 962 F.2d 1484, 1486–87 (10th Cir. 1992) (noting that "an unambiguous insurance contract, like any other contract, should be enforced as written") (citation omitted).

[7] *Nederlands*e *ERTS-Tankersmaatchappij, N.V. v. Isbarndtsen Co.*, 339 F.2d 440, 441 (2d Cir. 1964).

proceeding is an arbitration in which issues involved in the case may be determined."[8] The Supreme Court has described this power as "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[9] To make this determination "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[10] "Factors relevant to the court's decision are: (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship."[11] The defendant bears the burden of proving a stay is warranted.[12]

Mullins repeatedly asserts that staying the proceedings pending results of the FINRA arbitration will greatly promote judicial efficiency. He alleges that proceeding with the UBS Bank litigation simultaneously with the FINRA arbitration against UBS Financial Services will be a waste of scarce judicial resources as many of the same issues, evidence, and witnesses will be involved. However, the two proceedings involve two separate entities and two separate contractual obligations. The FINRA arbitration concerns Mullins' relationship with UBS Financial Services and the brokerage services they provided. The UBS Bank litigation concerns Mullins' contractual obligations

---

[8]*Id.*

[9]*Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

[10]*Id*. at 244-55.

[11]*Evergreen Holdings, Inc. v. Sequoia Global, Inc.*, No. CIV-09-776-F, 2008 WL 4723008, *2 (W.D. Okla.).

[12]*Nederlandse*, 339 F.2d at 442.

to UBS Bank under the Credit Line Agreement. Consequently, any claims settled against UBS Financial Services will have no effect on Mullins' obligations under the Credit Line Agreement with UBS Bank. Therefore, the Court finds a stay of proceedings pending arbitration is not appropriate.

### III. CONCLUSION & ORDER

Mullins' motion to stay is expressly foreclosed by the contract he entered into with UBS Bank USA. Further, the FINRA arbitration between Mullins and UBS Financial Services will have no bearing on UBS Bank's present litigation against him. It is therefore

ORDERED that Defendant Hal S. Mullins' Motion to Dismiss or in the Alternative to Stay Proceedings Pending Arbitration (Docket No. 11) is DENIED and the hearing is VACATED.

DATED   May 19, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge