**ANDERSON & KARRENBERG**
Thomas R Karrenberg (3726)
Stephen P Horvat (6249)
50 West Broadway #700
Salt Lake City, Utah 84101
Telephone (801) 534-1700
Facsimile (801) 364-7697

**RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP**
Julian W Wells (JW-4893)
Anthony J Borrelli (AB-8089)
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
Telephone (973) 538-0800
Facsimile (973) 538-1984

*Attorneys for Plaintiff UBS Bank USA*

---

## UNTIED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **UBS BANK USA,**<br><br>          Plaintiff,<br><br>vs<br><br>**HAL S MULLINS,**<br><br>          Defendant | **AFFIDAVIT OF STEVE STEWART**<br><br>Civil Action No  2 08-CV-00814<br><br>Judge Ted Stewart |

STATE OF UTAH          )
                       ) ss
COUNTY OF SALT LAKE    )

      **STEVE STEWART**, being duly sworn and under oath, deposes and says

      1    I am the Chief Credit Officer of UBS Bank USA (the "Bank"), plaintiff in the above-captioned action  My work address is 299 South Main Street, Salt Lake City,

Utah 84111. I submit this Affidavit in support of the Bank's Motion for Summary Judgment against Defendant Hal S. Mullins ("Mullins"). I have personal knowledge of the facts set forth herein.

2. The Bank and Mullins are parties to a certain Credit Line Agreement, dated November 22, 2006. A true and correct copy of the Credit Line Agreement is attached hereto as Exhibit A.

3. Pursuant to the Credit Line Agreement, the Bank established a demand revolving line of credit by which the Bank, upon Mullins' request, could in its sole and absolute discretion make one or more advances to Mullins.

4. At Mullins' request, the Bank made advances to Mullins under the Credit Line Agreement (the "Loans").

5. In or about September 2008, as well as at other times, the Bank determined that Mullins failed to maintain sufficient Collateral to maintain the Loans.

6. By letter, dated September 24, 2008, the Bank demanded immediate payment in full from Mullins of all amounts due and owing on the Loans, including accrued interest. The Bank further notified Mullins that, should he fail to make such payment to the Bank, the Bank would, among other things, undertake certain actions, including, but not limited to, pursuing its legal remedies. A true and correct copy of the Bank's September 24, 2008 letter to Mullins is attached hereto as Exhibit B.

7. Mullins failed and refused to repay the outstanding principal and interest due and owing on the Loans. Accordingly, the Bank exercised its rights under the Credit Line Agreement by liquidating the Collateral and applying the proceeds to the amounts due and owing on the Loans.

8 Following the Bank's liquidation of the Collateral, there existed and still currently remains certain amounts due and owing on the Loans

9 As of February 23, 2010, the amounts due and owing on the Loans totaled $294,860 18, upon which amount interest has accrued and is continuing to accrue

STEVE STEWART

Sworn to before me this
23rd day of February, 2010

Notary Public

NOTARY PUBLIC
PATRICIA A. BARBEN
299 S Main St. Suite 2275
Salt Lake City Utah 84111
My Commission Expires
May 31 2011
STATE OF UTAH

3