ERIK A. CHRISTIANSEN (7372)
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Suite 1800
Post Office Box 45898
Salt Lake City, UT 84145-0898
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UBS BANK USA,<br><br>Plaintiff,<br><br>v.<br><br>HAL S. MULLINS,<br><br>Defendant. | RULE 56(f) AFFIDAVIT OF ERIK A. CHRISTIANSEN IN OPPOSITION TO UBS BANK'S MOTION FOR SMMARY JUDGMENT<br><br>Case No. 2:08CV00814<br><br>Judge: Hon. Ted Stewart |

I, Erik A. Christiansen, hereby declare as follows:

1. I am over the age of 18. I am an individual residing in the State of Utah and I am counsel to defendant Hal S. Mullins ("Mullins").

2. I have personal knowledge of all of the facts stated in this affidavit, and if called as a witness, I could and would testify competently to the following:

3. Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, I respectfully request that the Court deny UBS Bank's USA's (the "Bank") Motion for Summary Judgment and order a continuance to permit document and deposition discovery to be completed and admissible

evidence obtained necessary to defeat the pending motion. I believe that the depositions of certain yet to be specifically identified individuals acting on behalf of UBS Bank are necessary and appropriate, and will establish the following facts, which will be used to defeat the Bank's pending motion for summary judgment:

A. <u>Unidentified Officers of UBS Bank Knowledgeable About the Change in UBS Policies and Procedures Related to Margin Accounts Motivated by the Most Recent Market Decline</u>:

On information and belief based on the documents in the possession of Mullins, including, without limitation, e-mail correspondence outlining the Bank's margin call practices, such practices changed drastically during the September 2008 market crash. Prior to the September 18, 2008 market crash, which was precipitated by the failure of financial institutions in the United States, the Bank's practices, procedures and course of dealing with Mullins was to provide notice to its client's of margin calls and provide detailed options and instructions to the client for the purpose of allowing the client to cure collateral deficiencies and avoid liquidation of their securities accounts.

During the 2008 market crash, the Bank's margin call practices and procedures appear to have changed dramatically. At a minimum, the Bank failed to adhere to prior procedures in dealing with Mullins. Specifically, the Bank liquidated his account prior to providing him any notice of the collateral deficiency and failed to provide him any opportunity to cure the Bank's perceived deficiency. The Bank's change in the established course of dealing with Mullins and possibly a global change in its practices and procedures related to margin calls was motivated by panic due to the extent of the 2008 market crash. It is also believed that the Bank liquidated

securities accounts used as collateral for margin loans without engaging in any individualized decision making process to determine, in good faith, which remedy under the Credit Line Agreement to elect. Given the extent to which the market has rebounded since the 2008 market crash, it is likely that the Bank's practice of liquidating securities accounts without notice or opportunity to cure inured to their detriment and definitely caused significant injury to its clients.

It is believed that depositions of officers of the Bank will reveal that the situation in September of 2008 was chaotic and panic filled, that securities accounts were liquidated without notice and an opportunity to cure on a global basis and that no individualized decision making process was undertaken in rendering the decision to liquidate under-collateralized accounts. Each of these facts would assist Mullins in further supporting his legal defense involving the Bank's breach of its duty of good faith and fair dealing in failing to render an informed decision as to election of remedies.

    B.    <u>Unidentified Officers or Agents of UBS Bank Knowledgeable About the Manner in Which Mullins' Securities Account was Liquidated</u>:

In an action to collect on a deficiency, the debtor is entitled to setoff damages resulting from the improper liquidation of collateral. *See UBS Bank USA v. Hawit*, 122309 UTDC, 2:09CV32 DAK (2009) ("To the extent that Mr. Hawit can prove his allegation that UBS Bank liquidated his stock in a reckless manner, he would be entitled to a setoff of any such damages. This, however, is a defense to the Bank's deficiency claim–not an affirmative counterclaim."). Mullins has not been provided with any information or documents with respect to the date his securities account was liquidated, the method of liquidation, the manner in which it was liquidated, the decision making process involved in liquidation nor the value received by the

Bank in the liquidation.

As noted above, Mullins is entitled to setoff damages for wrongful or reckless liquidation against the claims of the Bank against Mullins. Ascertaining the facts surrounding the Bank's liquidation is of critical importance in demonstrating that the Bank wrongfully or recklessly liquidated Mullins' securities account in breach of the covenant of good faith and fair dealing.

C. <u>Numerous documents remain to be produced by the Bank</u>

I believe that the following categories of documents and information are necessary and appropriate, and will establish the following facts, which will be used to defeat the Bank's pending motion for summary judgment:

1. The Bank has yet to provide Mullins with their initial disclosures. Of specific interest are the documents and other evidence related to the Bank's calculation of damages. Such documents would necessarily include documents and other evidence related to circumstances surrounding the liquidation of Mullins' securities account. Each of the documents is necessary to challenge the Bank's damage claim. Failure to provide the documents with the Bank's initial disclosures precludes the Bank's claims for failure to prove damages and failure to comply with Rule 26 of the Federal Rules of Civil Procedure.

2. Mullins, after resolution of the Bank's Motion for Summary Judgment, will propound document requests and interrogatories regarding the liquidation of Mullins securities account. Particularly relevant are the date his securities account was liquidated, the method of liquidation, all facts regarding the manner in which it was liquidated, the decision making process involved in liquidation, the value received by the Bank for the sale and the claimed expenses related to the liquidation. Through, documents and interrogatories, it is anticipated

that the Bank did not engage in any type of informed decision-making process in deciding which remedy to elect and that such decisions were motivated by panic and arbitrary at best.

**Summary**

As a result of Mullins' Motion to Stay, the Bank's Motion to Dismiss and the Bank's Motion for Summary Judgement, each of which defined the scope of this litigation, no discovery has been conducted in this case. While, admittedly, a lack of discovery standing alone is not a recognized justification for dismissing a Motion for Summary Judgment pursuant to Rule 56(f), as established above, certain relevant information and documents are required for Mullins to more fully support his legal defenses to the Banks' claims and to ascertain the nature, calculation and purported justifications for the Bank's damage claim. Given that the discovery phase of this litigation has not yet commenced due to significant and protracted motion practice, it would be premature for the Court to grant the Motion for Summary Judgment without giving Mullins the opportunity to conduct discovery to defeat the Bank's Motion.

Executed this 9th day of July, 2010 at Salt Lake City, Utah.

_____
Erik A. Christiansen

STATE OF UTAH          )
                       : ss.
COUNTY OF SALT LAKE    )

The foregoing instrument was acknowledged before me this 9th day of July, 2010, by Erik A. Christiansen.

Barbara R. McFarland
NOTARY PUBLIC
Residing at: SL County, Utah

BARBARA R MCFARLAND
Notary Public
State of Utah
Comm. No. 579376
My Comm. Expires Jun 29, 2013

18216.001/4828-6557-4405.1          5

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following:

>Anthony J. Borrelli
>aborrelli@riker.com
>
>Jennifer R. Eshelman
>jeshelman@aklawfirm.com; krubino@aklawfirm.com
>
>Stephen P. Horvat
>shorvat@aklawfirm.com; krubino@aklawfirm.com
>
>Thomas R. Karrenberg
>tkarrenberg@aklawfirm.com; acollier@aklawfirm.com
>
>Julian W. Wells
>jwells@riker.com

and I hereby certify that I have mailed the document by United States Mail, first-class postage prepaid, to the following non-CM/ECF participants:

>(No manual recipients)

>/s/ Carola M. Groos