IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| USB BANK USA,<br><br>    Plaintiff,<br><br>vs.<br><br>HAL MULLINS,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S RULE 56(F) REQUEST AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 2:08-CV-814 TS |

    USB Bank USA (the Bank) moves for summary judgment on its Breach of Contract claim. Defendant opposes summary judgment on the basis that there are material issues of fact on damages. Defendant also requests additional discovery under Rule 56(f).[1] In support, Defendant notes that it has had no opportunity for discovery in the present case. Instead, the parties have engaged in motion practice and extended the time for resolving the summary judgment motion three times.

---

[1] Fed. R. Civ. P. 56(f).

1

Rule 56(f) provides:

If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
    (1) deny the motion;
    (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
    (3) issue any other just order.[2]

As the Tenth Circuit has explained:

The general principle of Rule 56(f) is that "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." The movant's exclusive control of such information is a factor weighing heavily in favor of relief under Rule 56(f).

\* \* \*

We have summarized the requirements of Rule 56(f) as follows:
A prerequisite to granting relief [pursuant to Rule 56(f)] . . . is an affidavit furnished by the nonmovant. Although the affidavit need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts. In this circuit, the nonmovant also must explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact. . . . [C]ounsel's unverified assertion in a memorandum opposing summary judgment does not comply with Rule 56(f) and results in a waiver.[3]

In the present case, Defendant has properly supported his Rule 56(f) motion by affidavit. Defendant has set forth the disputed facts, the discovery he requires, and what it expects that discovery to show. In its Reply Plaintiff opposes additional discovery as

---

[2] Fed.R.Civ.P. 56(f).

[3] *Price ex rel. Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986) (additional internal citations partially omitted and footnotes omitted).

2

unnecessary based on new exhibits. Because those exhibits were not attached to the Motion, Defendant has not had an opportunity to address that evidence.

The Court finds that Defendant has met his burden under Rule 56(f). It is early in this case, there has been no discovery and it appears that Defendant requires discovery to address the issues of damages. Therefore, the Court will deny the summary judgment motion without prejudice. It is therefore

ORDERED that Defendant's Rule 56(f) Request[4] is GRANTED. It is further

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 32) is DENIED WITHOUT PREJUDICE.

DATED August 23rd, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[4] Defendant's Rule 56(f) Motion is included in its opposition brief, Docket No. 41 at 32-33. The better practice is to separately file a Rule 56(f) motion.