IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UBS BANK USA,<br><br>                 Plaintiff,<br>v.<br><br>HAL S. MULLINS,<br>                 Defendant. | ORDER AND MEMORANDUM DECISION GRANTING PLAINTIFF'S MOTION TO COMPEL<br><br>Case No. 2:08-CV-814 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Brooke Wells |

Before the Court is Plaintiff, UBS Bank USA's, Motion to Compel.[1] Plaintiff moves the Court "for an order compelling Defendant Hal S. Mullins to provide complete and full responses to the Bank's Request for the Production of Documents and Interrogatories within twenty days."[2] The Court finds good cause shown by Plaintiff and accordingly GRANTS the Motion to Compel.

On October 15, 2010, UBS Bank served its document requests and interrogatories on Defendant by delivering them to Defendant's then counsel of record Erik Christiansen.[3] Mr. Christiansen served general objections to the Bank's requests and interrogatories on November 15, 2010.[4] Substantive or specific responses to Plaintiff's discovery requests, however, have never been provided. Approximately two weeks later, Chief Judge Stewart granted Mr. Christiansen's motion to withdraw as counsel for Defendant.[5] On December 14, 2010, Mr.

---

[1] Docket no. 62.

[2] Motion p. 1.

[3] *See* Aff. of Julian W. Wells in support of mtn to compel.

[4] *See id*. at ex. C.

[5] Docket no. 58.

Mullins provided notice that he would be representing himself in this case.[6] Plaintiff filed the instant motion on January 24, 2011, and on the following day, this matter was referred to the undersigned pursuant to 28 U.S.C. 636 (b)(1)(A), to determine all nondispositive pretrial matters.

Plaintiff asserts that it has never received adequate responses to its discovery requests. Plaintiff provides proof that it properly served its requests upon Defendant's former counsel Mr. Christensen. Via affidavit, Plaintiff also submits that it served on January 24, 2011, a copy of Plaintiff's Motion to Compel, along with supporting materials, upon Mr. Mullins, via electronic mail and U.S. First Class Mail to his address in Florida that is listed in the record.[7]

In an opposition filed with the Court on February 16, 2011, Mr. Mullins, alleges that he has "not received any notification regarding a Motion to Compel."[8] Mr. Mullins goes on to state that he cannot answer or reply to the specifics of the motion because he has not received it.[9] The record before the Court, however, simply does not support Mr. Mullins' assertion because there is proof that he was served with the motion and supporting materials. Further, even though Defendant is acting pro se in this matter, he still has the obligation to comply with the rules and to keep himself apprised of the filings and activity in this case.[10] Mr. Mullins must abide by the discovery obligations of civil litigants and he must actively defend this matter or face

---

[6] Docket no. 59.

[7] *See* Aff. of Service, docket no. 67.

[8] Notice from Hal S. Mullins regarding motion to compel not received.

[9] In his notice, Mr. Mullins also refers by name to an individual within the Court's chambers who was contacted by his staff. This reference does not add any merit to Mr. Mullins' arguments, and in the Court's view, is inappropriate. In the future Defendant is strongly encouraged to not engage in this type of activity.

[10] *See Lujan v. Dreis*, 2011 WL 635578, *1 (10th Cir. 2011) (affirming the district court dismissal of a complaint for a pro se litigant's failure to comply with his obligations); *Commodity Futures Trading Com'n v. Brockbank*, 316 Fed.Appx. 707, 2008 WL 904724 (10th Cir. 2008) ("Noting that even pro se litigants are required to comply with procedural rules.") (citing *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002)).

sanctions.[11] Broad general objections to discovery requests are insufficient to comply with discovery obligations.[12]

It is therefore ORDERED that Plaintiff's Motion to Compel is GRANTED. Mr. Mullins has thirty (30) days to provide responses to Plaintiff's discovery requests and interrogatories.

It is further ORDERED that Plaintiff's request for the attorneys' fees, costs, and the expenses incurred in bringing this motion is DENIED WITHOUT PREJUDICE. Plaintiff may renew this request if Defendant fails to provide the requested discovery pursuant to this order.

DATED this 2 March 2011.

Brooke C. Wells
United States Magistrate Judge

---

[11] *See Musgrave v. Wolf*, 2005 WL 1498373 (2d Cir. 2005) (noting the discovery obligations of litigants); *John B. Hull, Inc. v. Waterbury Petroleum Prods. Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (stating that dismissal of a case is warranted where a party fails to comply with the court's discovery orders).

[12] *Taylor v. District of Colorado Safeway, Inc.*, 2004 WL 2730125 (10th Cir. 2004) (holding that dismissal of the plaintiff's discrimination claims was proper based upon his failure to comply with the most basic disclosure requirements, as well as his failure to respond to the employer's discovery requests).